IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01805-BNB

JERRY L. MASKE,

     Plaintiff,

v.

IBM CORPORATION,

     Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER. COLORADO

NOV 0 5 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL
AND IMPOSITION OF SANCTIONS

_____

Plaintiff Jerry L. Maske, acting **pro se**, initiated this action on July 27, 2009, by

filing a Complaint and submitting a Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915. On September 3, 2009, the Court entered an order finding that

Mr. Maske failed to assert his claims in keeping with Fed. R. Civ. P. 8 in this action and

that this Complaint is repetitive of three previous cases, **Maske v. IBM Corp.**, No. 09-

cv-01804-ZLW (D. Colo. Sept. 3, 2009); **Maske v. IBM Corp.**, No. 09-cv-01344-ZLW

(D. Colo. June 18, 2009); and **Maske v. IBM Corp.**, No. 09-cv-00581-ZLW (D. Colo.

May 22, 2009), filed in this Court. The Court further found in the September 3, 2009,

Order that even when Mr. Maske is given an opportunity to amend a complaint, as he

was given in previous cases, he still is incapable of asserting his claims in keeping with

Rule 8. Mr. Maske now has filed forty-seven cases that have been dismissed either (1)

for failure to comply with Fed. R. Civ. P. 8; (2) as legally frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i); (3) as lacking in subject matter jurisdiction under Fed. R. Civ. P.

12(h)(3); (4) as improper under *Heck v. Humphrey*, 512 U.S. 477 (1994)); (5) as unexhausted 28 U.S.C. § 2254 claims; or (6) voluntarily by Mr. Maske, after the Court instructed him to file an amended complaint or application.

The Court also in the September 3, 2009, Order directed Mr. Maske to show cause within thirty days why he should not be enjoined from filing any further *pro se* actions in this Court without first seeking leave of Court. Mr. Maske has failed to respond to the Order to Show Cause within the time allowed.

Mr. Maske also was instructed in the Court's September 3, 2009, Order that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow*, 17 F.3d at 315.

2

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54.

The Court has reviewed all the cases that Mr. Maske has filed in this Court.[1]  It is

---

[1] *Maske v. City of Aurora, et al.*, No. 09-cv-02342-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. Arapahoe County, et al.*, No. 09-cv-02341-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. City and County of Denver, et al.*, No. 09-cv-02340-BNB (D. Colo. filed Sept. 30, 2009) (pending); *Maske v. FBI Denver*, No. 09-cv-02222-ZLW (D. Colo. Oct. 2, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Estrada, et al.*, No. 09-cv-02191-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Murphy, et al.*, No. 09-cv-02190-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Estrada, et al.*, No. 09-cv-02189-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Chappell, et al.*, No. 09-cv-02188-ZLW (D. Colo. Sept. 24, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Supreme Court of Colo., et al.*, No. 09-cv-02187-ZLW (D. Colo. Oct. 1, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Murphy, et al.*, No. 09-cv-02165-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); *Maske v. Chappell, et al.*, No. 09-cv-02164-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); *Maske v. Estrada, et al.*, No. 09-cv-02163-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); *Maske v. Estrada, et al.*, No. 09-cv-02162-ZLW (D. Colo. Oct. 2, 2009) (voluntary dismissal); *Maske v. Aurora Police Dep't, et al.*, No. 09-cv-01897-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. City and County of Denver*, No. 09-cv-01806-ZLW (D. Colo. Sept. 3, 2009) (dismissed as repetitive); *Maske v. IBM*, No. 09-cv-01804-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Arapahoe County, et al.*, No. 09-cv-01803-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Peters Law Firm*, No. 09-cv-01778-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. City of Aurora Probation Dep't, et al.*, No. 09-cv-01777-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Arapahoe County Probation Dep't, et al.*, No. 09-cv-01776-

apparent that Mr. Maske either does not understand important basic concepts of

jurisdiction or that he has chosen to ignore these concepts.  While this Court has an

obligation to give *pro se* litigants wide latitude, *see Haines,* 404 U.S. 519, the Court

cannot accept the filing of repetitious, meritless lawsuits.  Mr. Maske also has been

---

ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Wilks*, No. 09-cv-01775-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Mathys*, No. 09-cv-01774-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. FBI Denver*, No. 09-cv-01773-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Arapahoe County*, No. 09-cv-01772-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Aurora Municipal Court*, No. 09-cv-01771-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. City and County of Denver, et al.,* No. 09-cv-01770-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Arapahoe County Office of the Clerk and Recorder*, No. 09-cv-01769-ZLW (D. Colo. Sept. 3, 2009) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Maske v. Estrada, et al.,* No. 09-cv-01757-ZLW (D. Colo. Aug. 12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); *Maske v. Robert Murphy, et al.,* No. 09-cv-01756-ZLW (D. Colo. Aug.12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); *Maske v. Chappell, et al.,* No. 09-cv-01755-ZLW (D. Colo. Aug. 12, 2009) (28 U.S.C. § 2254 action dismissed for failure to exhaust); *Maske v. Arapahoe County*, No. 09-CV-01627-ZLW (D. Colo. July 16, 2009) (dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Maske v. Arapahoe County*, No. 09-cv-01572-ZLW (D. Colo. July 16, 2009) (voluntary dismissal); *Maske v. IBM Corp.,* No. 09-cv-01344-ZLW (D. Colo. June 18, 2009) (voluntary dismissal);  *Maske v. Arapahoe County*, No. 09-cv-01236-ZLW (D. Colo. June 15, 2009) (dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Maske v. Mathys*, No. 09-cv-01235-ZLW (D. Colo. July 16 , 2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); *Maske v. Peters Law Firm*, No. 09-cv-01234-ZLW (D. Colo. July 16, 2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); *Maske v. Wilks*, No. 09-cv-01233-ZLW (D. Colo. July 15, 2009) (dismissed pursuant Fed. R. Civ. P. 12(h)(3)); *Maske v. City and County of Denver*, No. 09-cv-01232-ZLW (D. Colo. July 15, 2009) (dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Maske v. Arapahoe County Office of Clerk and Recorder*, No. 09-CV-01231-ZLW (D. Colo. July 16, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. Wilks*, No. 09-cv-00585-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. Peters Law Firm*, No. 09-cv-00584-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. Mathys*, No. 09-cv-00583-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. City and County of Denver, et al.,* No. 09-cv-00582-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. IBM Corp.,* No. 09-cv-00581-ZLW (D. Colo. May 22, 2009) (voluntary dismissal); *Maske v. Arapahoe County Office of the Clerk and Recorder*, No. 09-cv-00580-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8); *Maske v. Arapahoe County*, No. 09-cv-00579-ZLW (D. Colo. May 15, 2009) (dismissed pursuant to Fed. R. Civ. P. 8).

instructed about future filing restrictions and has been given an opportunity to oppose the restrictions. The Court, therefore, will enjoin him from filing any future *pro se* actions in this Court. Accordingly, it is

ORDERED that Mr. Maske is enjoined from filing any future civil actions in this Court, in which he is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of Court by a judicial officer to proceed *pro se* in the action. It is

FURTHER ORDERED that in any future *pro se* pleadings Mr. Maske submits to this Court the pleadings shall be reviewed by a judicial officer pursuant to D.C.COLO.CivR 8.1 as follows: (1) first by a magistrate judge to determine whether the filing is without merit, repetitive, frivolous, or is not in keeping with Fed. R. Civ. P. 8; and (2) second by a district judge, if a magistrate judge finds the pleading to be without merit, repetitive, frivolous, or not in keeping with Fed. R. Civ. P. 8, who shall determine whether or not the pleading should be filed. It is

FURTHER ORDERED that the Complaint and action are dismissed with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 5th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01805-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/6/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk